# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ROBERT L. JONES,    )
          )
  Plaintiff,    )
          )
v.         )  Case No. CV410-066
          )
SHERIFF AL ST. LAWRENCE; )
McARTHUR HOLMES, *Jail*  )
*Administrator*; ANGELA DOBBIE, )
*Program Manager*,    )
          )
  Defendants.   )

## ORDER

On May 25, 2010, the undersigned recommended that this case be dismissed since plaintiff failed to submit a Prisoner Trust Fund Account Statement form that the Court had previously ordered him to complete and return. (Doc. 5 (citing doc. 3).) Plaintiff now moves for an extension of time to submit the form, contending that he gave the form to the appropriate detention center officials for completion but it was never returned to him. (Doc. 7.) The Court **VACATES** its recommendation

of dismissal and **GRANTS** plaintiff's motion for an extension of time. He shall have 21 days from the date of this Order to complete and return the enclosed Prisoner Trust Fund Account Statement form.

In a companion motion, plaintiff seeks appointment of counsel. (Doc. 9.) The Court does not doubt that the appointment of an attorney would likely further the efficient and prompt disposition of this case. As a general rule, however, there is no entitlement to appointed counsel in a civil rights action brought pursuant to 42 U.S.C. § 1983. *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990); *Wahl v. McIver*, 773 F.2d 1169, 1172 (11th Cir. 1986); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1979); *see also Thomas v. Estelle*, 603 F.2d 488, 489 (5th Cir. 1979.). "The preeminent generalization that emerges from this Court's precedents on an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981). An action filed under 42 U.S.C. § 1983 is civil in nature and does not affect a plaintiff's physical liberty, so the stringent standards of appointment and effective assistance of counsel mandated by the Sixth Amendment and Federal Rule of Criminal Procedure 44 do

not apply in civil proceedings. *See United States v. Rogers*, 534 F.2d 1134 (5th Cir. 1976). Thus, the appointment of counsel is required only where necessary to insure "fundamental fairness" in accordance with the due process clause of the Fourteenth Amendment. *Lassiter*, 452 U.S. at 26.

Court-appointed counsel in civil cases is therefore warranted only in "exceptional cases." *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Fowler*, 899 F.2d at 1096; *see Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). In considering whether exceptional circumstances exist, the Court should consider (1) the type and complexity of the case; (2) whether the indigent is capable of presenting his case; (3) whether the indigent is in a position to investigate the case adequately; and (4) whether the evidence will consist largely of conflicting testimony as to require skill in presenting the evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). However, the "key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." *Kilgo*, 983 F.2d at 193.

Here, the facts and issues are relatively straightforward: Plaintiff alleges that his religious needs have not been accommodated during his incarceration. (Doc. 1.) He has demonstrated to the Court that he can intelligibly explain the merits of his claims, and his incarceration, while inconvenient, should not overly hinder his investigation or prosecution of the action. Consequently, his motion for appointment of counsel (doc. 9) is **DENIED**.

**SO ORDERED** this 7th day of June, 2010.

**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT of GEORGIA**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ROBERT LEE JONES,<br><br>      Plaintiff,<br><br>v.<br><br>AL ST. LAWRENCE, *Sheriff,*<br>McARTHUR HOLMES, *Jail Administrator,*<br>ANGELA DOBBIE, *Program Manager,*<br><br>      Defendants. | )<br>)<br>)<br>)<br>) Case No.  CV410-066<br>)<br>)<br>)<br>)<br>)<br>) |

# PRISONER TRUST FUND ACCOUNT STATEMENT

Under the Prison Litigation Reform Act, a prisoner seeking to bring a civil action without prepayment of fees must obtain from the appropriate prison official a certified copy of the prisoner's trust account statement for the six-month period immediately preceding the filing of the complaint.  The plaintiff in this case has been instructed by the Court to furnish this form to the trust officer of each institution where he has been confined for the last six months.

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Court.

**DATE OF FILING COMPLAINT:**       **March 12, 2010**
                                          (to be completed by the clerk)

**AVERAGE MONTHLY DEPOSITS** during the six months prior to filing of the complaint:      _____

**AVERAGE MONTHLY BALANCE** during the six months prior to filing of the complaint:      _____

I certify that the above information accurately states the deposits and balances in the plaintiff's trust account for the period shown and that the attached ledger sheets are true copies of the account records maintained by this institution.

_____        _____
**Signature of Authorized Officer of Institution**        **Date**

_____
**Print or Type Name**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

## SAVANNAH DIVISION

ROBERT LEE JONES,             )
                                       )

          Plaintiff,          )

v.                            ) Case No.  CV410-066

AL ST. LAWRENCE, *Sheriff,*        )
McARTHUR HOLMES, *Jail Administrator,*  )
ANGELA DOBBIE, *Program Manager,*     )

          Defendants.      )

# PRISONER TRUST FUND ACCOUNT STATEMENT

Under the Prison Litigation Reform Act, a prisoner seeking to bring a civil action without prepayment of fees must obtain from the appropriate prison official a certified copy of the prisoner's trust account statement for the six-month period immediately preceding the filing of the complaint.  The plaintiff in this case has been instructed by the Court to furnish this form to the trust officer of each institution where he has been confined for the last six months.

Please complete this form, attach the supporting ledger sheets, and return these documents to the prisoner for mailing to the Court.

**DATE OF FILING COMPLAINT:**       **March 12, 2010**
                                     (to be completed by the clerk)

**AVERAGE MONTHLY DEPOSITS** during the six
months prior to filing of the complaint:      _____

**AVERAGE MONTHLY BALANCE** during the six
months prior to filing of the complaint:      _____

I certify that the above information accurately states the deposits and balances in the plaintiff's trust account for the period shown and that the attached ledger sheets are true copies of the account records maintained by this institution.

_____      _____
**Signature of Authorized Officer of Institution**      **Date**

_____
**Print or Type Name**