UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| ROBERT L. JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CV410-066 |
| SHERIFF AL ST. LAWRENCE; McARTHUR HOLMES, *Jail Administrator*; ANGELA DOBBIE, *Program Manager*, | ) | |
| Defendants. | ) | |

# ORDER

Robert Lee Jones, currently incarcerated at the Chatham County Detention Center, has filed a prison-conditions complaint regarding the burdening of certain religious practices. (Doc. 1.) The Court granted Jones leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 11.)

The Prison Litigation Reform Act ("PLRA") requires federal courts

to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

Here, Jones states that he is a Muslim who has requested a Halal meal and meat in conformance with Muslim dietary law. (Doc. 1 at 5.) Following the jail handbook's guidance, he forwarded several requests to the jail's Programs Manager, Angela Dobbie, for review but she never responded. (*Id.*) Since he never received a response regarding the Halal meal, he requested a vegetarian meal, which was approved. (*Id.*) Jones complains that the vegetarian meal "does not meet the nutrition and calories intake of standard operation policy of Chatham County Jail . . . .

[F]or [the] last 20 months, [Jones's] meal as meat substitute ha[s] been one slice of process cheese." (*Id.*) He also complains of difficulties he encountered during the month of Ramadan. During that period, he explains, "Muslims abstain [from] food [and] drink from dawn to sunset." (*Id.*) Jail officials agreed to provide pre-dawn and after-sunset meals, but the morning meals "were never on time" so on many occasions he "went without meals for several days." (*Id.*) Finally, he alleges that Muslims, unlike Christian inmates, have not been provided with their own dormitory. (*Id.* at 6.)

Seeking only injunctive relief, Jones asks that Muslim inmates be provided with Halal meals and that Halal products be placed in the commissary. (*Id.*) He also asks that Muslims be provided the same rights as Jewish inmates for Kosher meals and that the meals contain "nutrition and calories consistent with the[] standard operation policy." (*Id.*) Next, he asks that during Ramadan, meals be delivered on time and be provided with full servings and a "bag lunch . . . with three-sandwich, one milk, sweet (cake or cookies) [and] one fruit." (*Id.*) Finally, he asks that Muslim inmates be assigned a Muslim dormitory "like [the] Christian Dorm" and be provided with an area to perform their daily prayers. (*Id.* at

6-7.)

While he has styled this as a 42 U.S.C. § 1983 claim, this case actually arises under both § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which prohibits the government from imposing substantial burdens on the religious exercise of a prisoner unless it demonstrates that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest. 42 U.S.C. § 2000cc-1. Read liberally, Jones states Equal Protection and RLUIPA claims against defendants in their official capacities, and his claims merit a response.

As to his Equal Protection claims, Jones alleges that Muslims have been treated differently from Christian and Jewish inmates -- Jewish inmates have been provided with Kosher meals and Christian inmates (he claims) have their own dormitory. That is all that is required to survive § 1915A screening here. *See Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (a prisoner states an equal protection claim when he shows that he is similarly situated with other prisoners who received more favorable treatment and that his discriminatory treatment was based upon some constitutionally protected interest). And under RLUIPA, Jones has, at

this stage at least, offered sufficient facts showing a prima facie case -- "1) he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened." *Smith v. Allen*, 502 F.3d 1255, 1276 (11th Cir. 2007) (citing *Adkins v. Kaspar*, 393 F.3d 559, 567 (5th Cir. 2004)).[1]

For the reasons explained above, the Clerk is **DIRECTED** to forward a copy of the complaint and this Order to the United States Marshal for service upon the defendants.

**SO ORDERED** this 13th day of July, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

---

[1] RLUIPA provides greater protection of religious exercise than the Constitution itself. *See Smith*, 502 F.3d at 1266.