# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ROBERT L. JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CV410-066 |
| AL ST. LAWRENCE, *Sheriff*; McARTHUR HOLMES, *Jail Administrator*; and ANGELA DOBBIE, *Program Manager*,[1] | ) ) ) ) ) ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Robert L. Jones, a Muslim detainee at the Chatham County Detention Center, filed a religious practices claim against jail officials claiming that his Halal meals did not meet the jail's nutritional standards; jail officials did not serve his Ramadan meals on time, which effectively deprived him of food for days at a time; and he and other Muslim detainees received worse treatment than Jewish or Christian detainees.

---

[1] Defendants note that plaintiff incorrectly named the Chatham County Detention Center's program administrator "Angela Dobbie," when she is actually known as "Angela Dorsey." (Doc. 33 at 1 n.1.) The Court will address her as Dorsey throughout this Report and Recommendation.

(Doc. 1 at 5.)

Screening his case under 28 U.S.C. § 1915A, the Court concluded that he stated claims under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, which prohibits the government from imposing substantial burdens on the religious exercise of a prisoner unless it demonstrates that the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that interest. (Doc. 12.)

Defendants now move for summary judgment. (Doc. 31 (motion); doc. 32 (statement of material facts); doc. 33 (brief).) While they contest Jones's version of the facts and dispute his claims on the merits, they primarily argue that he has failed to exhaust his available administrative remedies prior to filing his complaint, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. 33 at 10-14.) Their motion stands unopposed pursuant to S.D. Ga. LR 7.5. The Court granted Jones a generous 30-day extension to file his response to defendants' motion, but he failed to do so. (Doc. 36.)

# I. ANALYSIS

Under § 1997e(a), a prisoner must exhaust all available administrative remedies before filing an action that challenges the conditions of his confinement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail . . . until such administrative remedies as are available are exhausted."); *see Cutter v. Wilkinson*, 544 U.S. 709, 723 n.12 (2005) (RLUIPA claims are still subject to the PLRA's exhaustion requirement); *Logue v. Chatham Cnty. Det. Ctr.*, 152 F. App'x 781, 783 (11th Cir. 2005) (prisoners must exhaust their remedies prior to filing Equal Protection claims). This requirement is a "pre-condition to suit" that must be enforced even if the available administrative remedies are "futile or inadequate." *Harris v. Garner*, 190 F.3d 1279, 1285–86 (11th Cir. 1999) (quoting *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998)), *vacated*, 197 F.3d 1059, *reinstated in part*, 216 F.3d 970, 972 (11th Cir. 2000). Indeed, "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in

court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *see also Porter v. Nussle*, 534 U.S. 516, 523 (2002) (mandatory exhaustion requirement applies to all inmate suits about prison life).

The PLRA, for that matter, "requires proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (emphasis added). That means plaintiff must "us[e] all steps" in the administrative process and to comply with any administrative "deadlines and other critical procedural rules" before filing a complaint about prison conditions in federal court. *Id.* at 89-91 (citation omitted). Thus, if an inmate has filed an "untimely or otherwise procedurally defective administrative grievance or appeal," he has not properly exhausted his administrative remedies. *Id.* at 83-84; *see also Lambert v. United States*, 198 F. App'x 835, 840 (11th Cir. 2006) (proper exhaustion requires filing grievance "under the terms of and according to the time set by BOP regulations"). And if a prisoner fails to complete the administrative process or falls short of compliance with procedural rules governing prisoner grievances, then he procedurally defaults his claims. *Johnson v. Meadows*, 418 F.3d 1152, 1159 (11th Cir.

4

2005).

While defendants are proceeding by summary judgment, the Eleventh Circuit has held that a defense of failure to properly exhaust administrative remedies under the PLRA should be treated as a Fed. R. Civ. P. 12 matter in abatement. *Bryant v. Rich*, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Hence, their motion is actually both a motion for summary judgment *and* an unenumerated Rule 12 motion to dismiss. In addressing the Rule 12 portion of the motion, "the [exhaustion] defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter. As a result, deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (citing *Bryant*, 530 F.3d at 1374). The Court initially "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Turner*, 541 F.3d

at 1082. If, however, the complaint is not subject to dismissal through that first step, then the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

Here, defendants explain that the jail has established a grievance procedure comprised of several steps. (Doc. 33 at 11; doc. 31-2 at 5-17 (Holmes aff.).) The detainee first completes a grievance form which he gives to the wing officer. A supervisor or hub officer will address the grievance. If the detainee isn't satisfied with the outcome, he may appeal the grievance forwarded to a unit sergeant who will try to resolve the issue. If the unit sergeant's fails to address the matter to the detainee's satisfaction, the grievance is forwarded to the unit manager for final resolution. (Doc. 33 at 11; doc. 31-2 at 32 (Inmate Handbook section addressing jail's grievance procedure).) Defendants allege that Jones filed a total of seven grievances related to his claims (numbered 09-08-3530-5, 09-09-003-5, 09-09-0004-5, 09-10-0694-5, 10-01-1512-5, 08-11-2605-6, and 10-01-1511-5), two of which (09-09-003-5 and 09-09-004-5) raised actionable concerns which were addressed. (Doc. 33 at 11-13.) Not one of

the grievances, however, was ever appealed. (*Id.*; doc. 31-2 at 5-17 (Holmes aff.).) Jones himself either checked or circled on each form that he did not desire to appeal the grievances. (Doc. 31-2 at 46-55 (grievance forms).) As noted above, Jones has not responded to defendants' allegations. Consequently, the Court need not proceed to *Turner*'s second step -- it is undisputed that Jones did not exhaust his administrative remedies.

## II. CONCLUSION

The defendants' motion for summary judgment, construed in part as a Rule 12 motion to dismiss (doc. 31), should be **GRANTED**, and Jones's complaint should be **DISMISSED** without prejudice. Because Jones's claims are unexhausted, the Court need not step through the summary judgment portion of defendants' motion.

**SO REPORTED AND RECOMMENDED** this  12th  day of May, 2011.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA